## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF KENTUCKY
## BOWLING GREEN DIVISION

**CIVIL ACTION NO. 1:12CV-00203-JHM**

**ANGELA AARON**                                                                    **PLAINTIFF**

**V.**

**NOVARTIS PHARMACEUTICAL CORPORATION,**
**and NOVARTIS CORPORATION**                                 **DEFENDANTS**

### MEMORANDUM OPINION AND ORDER

This matter is before the Court on the motion by Defendant, Novartis Pharmaceutical Corporation, to dismiss [DN 4]. Fully briefed, this matter is ripe for decision.

### I. STANDARD OF REVIEW

Upon a motion to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6), a court "must construe the complaint in the light most favorable to plaintiff," League of United Latin Am. Citizens v. Bredesen, 500 F.3d 523, 527 (6th Cir. 2007) (citation omitted), "accept all well-pled factual allegations as true[,]" id., and determine whether the "complaint states a plausible claim for relief[,]" Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009). Under this standard, the plaintiff must provide the grounds for his or her entitlement to relief which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). A plaintiff satisfies this standard only when he or she "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. A complaint falls short if it pleads facts "merely consistent with a defendant's liability" or if the alleged facts do not "permit the court to infer more than the mere possibility of misconduct." Id. at 678, 679. Instead, the allegations must "'show[ ] that the pleader is entitled to relief.'" Id. at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

## II. BACKGROUND

Plaintiff, Angela Aaron, underwent a Reclast Infusion at the Clinton County Hospital, Albany, Kentucky, on November 18, 2011. (Complaint at ¶1.) Plaintiff alleges that Defendants, Novartis Pharmaceutical Corporation and Novartis Corporation[1], manufactured and marketed the drug Reclast. (Id. at ¶ 2.) Plaintiff alleges that the drug Reclast was defective unreasonably dangerous (id. at ¶ 3); that the Defendants were negligent in their manufacturing, warning, and marketing of the drug (id. at ¶ 4); and that the Defendants failed to adequately warn of the dangers of the Reclast Inclusion (id. at ¶ 5). Plaintiff claims that "as a direct and proximate result of the negligence of the Defendants . . . and as a direct and proximate result of the Defendants manufacturing and marketing of Reclast, a defective and unreasonably dangerous product, the Plaintiff sustained" damages. (Id. at ¶6.) Plaintiff claims that she has suffered pain and suffering, permanent impairment of ability to earn money, and medical expenses incurred and to be incurred in the future. (Id.) Additionally, Plaintiff alleges that she is entitled to recover punitive damages. (Id. at ¶7.)

## III. DISCUSSION

Defendant asserts that Plaintiff's products liability claims do not satisfy the pleading requirements of Twombly and Iqbal because the complaint contains no facts under which the Court could infer that the drug Recast is unreasonably dangerous or defective and contains no facts under which the Court could infer a causal connection between the alleged defect and Plaintiff's injuries. Specifically, Defendant argues that Plaintiff's complaint does not identify the alleged dangers of Reclast to which she was subjected, the alleged nature of her injuries, or how Defendants' warning

---

[1] Defendant states that Novartis Corporation has not been served in this case.

was inadequate. In response, Plaintiff argues that Fed. R. Civ. P. 8(a)(2) permits her pleadings to be "short and plain." Plaintiff contends that she has set forth causes of action based on the legal theories of negligence, failure to provide adequate warning, and reckless disregard of the harm to Plaintiff and are sufficient to state claims upon which relief may be granted.

Under Rule 8, a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678.

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." [Twombly 550 U.S. at 570.] A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. Id., at 556, 127 S. Ct. 1955. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Ibid. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" Id., at 557, 127 S. Ct. 1955 (brackets omitted).

Iqbal, 556 U.S. at 678. "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Id. (citing Twombly, 550 U.S. at 555). A complaint is insufficient "if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" Id. (citing Twombly, 550 U.S. at 557.)

The Court finds that the complaint fails to set out factual allegations that support Plaintiff's claims as required by Iqbal. Plaintiff's complaint merely recites the generic legal elements of her claim, but does not provide any specific factual allegations to establish that her claim is plausible. Plaintiff has not alleged any facts about how the product was allegedly defective or unreasonably dangerous. "[P]laintiff must allege *facts* to the Court to infer that the [product] was defective or

3

[un]reasonably dangerous, not simply rely on plaintiff's allegation that it was." Tilden v. General Elec. Co., 2012 WL 1023617, *4 (E.D. Tenn. March 26, 2012). Additionally, the complaint does not identify the inadequate warning or the negligent conduct by Defendants. Plaintiff's complaint contains only conclusory allegations and legal conclusions that the "drug Reclast . . . was defective and unreasonably dangerous," "Defendants were negligent in their manufacturing, warning and marketing said product," and "Defendants failed to adequately warn of the dangers of the Reclast infusion." (Complaint at ¶¶ 3-5.) Such allegations and legal conclusions do not satisfy the pleading requirements set forth in Iqbal and Twombly. See Tilden, 2012 WL 1023617, *4.

In the event the Court concludes that the factual allegations set forth in the complaint are insufficient, Plaintiff seeks leave to amend her complaint within 30 days. (Plaintiff's Response at 4.) Generally, a plaintiff is "not entitled to an advisory opinion from the [district court] informing them of the deficiencies of the complaint and then an opportunity to cure those deficiencies." Winget v. JP Morgan Chase Bank, N.A., 537 F.3d 565, 573 (6th Cir. 2008). See also Tilden, 2012 WL 1023617, *7; In re Darvocet, Darvon and Propoxyphene Products Liability Litigation, 856 F. Supp.2d 904, 914 (E.D. Ky. 2012). Notwithstanding, the Court finds that leave to amend the complaint should be granted under Fed. R. Civ. P. 15(a)(2).

Rule 15(a)(2) provides that a district court should freely grant a plaintiff leave to amend a pleading "when justice so requires." Fed. R. Civ. P. 15(a)(2). However, a district court may deny a motion to amend where there is "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." Foman v. Davis, 371 U.S. 178, 182 (1962). There does not appear to be any evidence of undue delay, bad

faith, or dilatory motive on the part of the Plaintiff. For these reasons, the Court will grant Plaintiff the opportunity to amend her complaint.

## IV. CONCLUSION

For the reasons set forth above, **IT IS HEREBY ORDERED** that the motion by Defendant, Novartis Pharmaceutical Corporation, to dismiss the complaint [DN 4] is **DENIED** with leave to refile. **IT IS FURTHER ORDERED** that the Plaintiff is granted 30 days from entry of the Memorandum Opinion and Order to file an amended complaint. If Plaintiff fails to file an amended complaint within this time period, the Court shall grant the Defendant's motion to dismiss.

cc: counsel of record

**Joseph H. McKinley, Jr., Chief Judge**
**United States District Court**

March 4, 2013