UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION

CIVIL ACTION NO. 1:12CV-00203-JHM

ANGELA AARON                                                                                              PLAINTIFF

V.

NOVARTIS PHARMACEUTICAL CORPORATION,
and NOVARTIS CORPORATION                                                                    DEFENDANTS

### MEMORANDUM OPINION AND ORDER

This matter is before the Court on the motion by Defendant, Novartis Pharmaceutical Corporation, to dismiss Plaintiff's Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(6) or, in the alternative, for a more definite statement pursuant to Fed. R. Civ. P. 12(e) [DN 13]. Fully briefed, this matter is ripe for decision.

### I. STANDARD OF REVIEW

Upon a motion to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6), a court "must construe the complaint in the light most favorable to plaintiff," League of United Latin Am. Citizens v. Bredesen, 500 F.3d 523, 527 (6th Cir. 2007) (citation omitted), "accept all well-pled factual allegations as true[,]" id., and determine whether the "complaint states a plausible claim for relief[,]" Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009). Under this standard, the plaintiff must provide the grounds for his or her entitlement to relief which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). A plaintiff satisfies this standard only when he or she "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. A complaint falls short if it pleads facts "merely consistent with a defendant's liability" or if the alleged facts do not "permit the court to infer more than the mere

possibility of misconduct." Id. at 678, 679. Instead, the allegations must "'show[ ] that the pleader is entitled to relief.'" Id. at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

## II. BACKGROUND

Plaintiff, Angela Aaron, underwent a Reclast Infusion at the Clinton County Hospital, Albany, Kentucky, on November 18, 2011. Plaintiff alleges that Defendants, Novartis Pharmaceutical Corporation and Novartis Corporation, manufactured and marketed the drug Reclast. Among other things, Plaintiff alleges that the drug Reclast was defective unreasonably dangerous; that the Defendants were negligent in their manufacturing, warning, and marketing of the drug; and that the Defendants failed to adequately warn of the dangers of the Reclast Inclusion. Plaintiff claims that "as a direct and proximate result of the unreasonably dangerous and defective condition of the drug, Reclast, the negligence and breaches of warranties by the Defendants, the Plaintiff has sustained . . . damages." (Amended Complaint at ¶42.) Plaintiff claims that she has suffered pain and suffering, permanent impairment of ability to earn money, and medical expenses incurred and to be incurred in the future. (Original Complaint ¶ 6; Amended Complaint Prayer for Relief.) Additionally, Plaintiff alleges that she is entitled to recover punitive damages. (Amended Complaint Prayer for Relief.)

In December of 2012, Defendant, Novartis Pharmaceutical Corporation, filed a motion to dismiss the original complaint asserting that Plaintiff's products liability claims did not satisfy the pleading requirements of Twombly and Iqbal. The Court agreed finding in relevant part as follows:

> The Court finds that the complaint fails to set out factual allegations that support Plaintiff's claims as required by Iqbal. Plaintiff's complaint merely recites the generic legal elements of her claim, but does not provide any specific factual allegations to establish that her claim is plausible. Plaintiff has not alleged any facts about how the product was allegedly defective or unreasonably dangerous. "[P]laintiff must allege *facts* to the Court to infer that the [product] was defective or

> [un]reasonably dangerous, not simply rely on plaintiff's allegation that it was." Tilden v. General Elec. Co., 2012 WL 1023617, *4 (E.D. Tenn. March 26, 2012). Additionally, the complaint does not identify the inadequate warning or the negligent conduct by Defendants. Plaintiff's complaint contains only conclusory allegations and legal conclusions that the "drug Reclast . . . was defective and unreasonably dangerous," "Defendants were negligent in their manufacturing, warning and marketing said product," and "Defendants failed to adequately warn of the dangers of the Reclast infusion." (Complaint at ¶¶ 3-5.) Such allegations and legal conclusions do not satisfy the pleading requirements set forth in Iqbal and Twombly. See Tilden, 2012 WL 1023617, *4.

(Memorandum Opinion and Order at 3, DN 10.) On April 1, 2013, Plaintiff filed her Amended Complaint [DN 12]. On April 18, 2013, Defendant filed a renewed motion to dismiss or, in the alternative, for a more definite statement.

### III. DISCUSSION

Defendant argues that Plaintiff's amended complaint fails to identify her legal theories or causes of action and fails to comply with the requirements of Fed. R. Civ. P. 10(b) which provides that where clarity demands, a plaintiff must set forth her claims in separate counts. Defendant argues that it cannot ascertain which causes of action Plaintiff is asserting and, as a result, cannot reasonably respond to Plaintiff's amended complaint.

In response, Plaintiff argues that nothing in Fed. R. Civ. P. 10(b) mandates that the Plaintiff's claims be itemized in separate counts where the pleading is sufficiently clear without such separation. Plaintiff indicates that her causes of action were set out in her original complaint filed in this action – those being the legal theories of negligence, strict products liability, and failure to adequately warn of the dangers of the product. Finally, Plaintiff argues that her amended complaint more than satisfies the requirement of Fed. R. Civ. P. 8(a)(2) for a short and plain statement of why the Plaintiff is entitled to relief.

While Plaintiff included additional factual allegations in her amended complaint in an effort

3

to remedy her previous deficiencies under Iqbal and Twombly, the Court finds that the amended complaint fails to comply with Fed. R. Civ. P. 10(b) which governs the form of pleadings. Fed. R. Civ. P 10(b) provides:

> **(b) Paragraphs; Separate Statements.** A party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances. A later pleading may refer by number to a paragraph in an earlier pleading. If doing so would promote clarity, each claim founded on a separate transaction or occurrence--and each defense other than a denial--must be stated in a separate count or defense.

Fed. R. Civ. P. 10(b). See, e.g., Davis v. City of Memphis Fire Dept., 2012 WL 2000713, *3 (W.D. Tenn. May 31, 2012). The primary purpose of Rule 8 and Rule 10 "is to give defendants fair notice of the claims against them and the grounds supporting the claims." Stanard v. Nygren, 658 F.3d 792, 798 (7th Cir. 2011)(citations omitted). The pleading requirements also "frame[ ] the issue[s] and provide the basis for informed pretrial proceedings." Id. (quoting Bautista v. Los Angeles Cnty., 216 F.3d 837, 841 (9th Cir. 2000) (discussing Rule 10(b)).

Plaintiff's amended complaint does not identify or separate out her causes of action in any discernible way. In fact, her allegations suggests a number of different potential causes of action – negligence, strict liability, negligence per se, warranty claims, failure to warn, manufacturing defect claims, and design defect claims. The Court agrees with the Defendant that the amended complaint combines bits and pieces of various purported legal duties owed by Defendant. (See, e.g, Amended Complaint ¶ 42.) In the present case, the Court finds a statement of each claim in a separate count would promote clarity of Plaintiff's current amended complaint. Fed. R. Civ. P. 10(b).

Keeping in mind that "pleading rules favor decisions on the merits rather than technicalities . . . and also that leave to amend pleadings should be freely given," Stanard, 658 F.3d at 801, the

4

Court declines to dismiss Plaintiff's amended complaint. See Fed. R. Civ. P. 15(a)(2) ("The court should freely give leave [to amend] when justice so requires."). While the Court agrees that it is difficult to determine all the claims the Plaintiff is making, this does not warrant the harsh remedy of dismissal. Instead, the Court finds that the motion by Defendant for a more definite statement is appropriate.

## IV. CONCLUSION

For the reasons set forth above, **IT IS HEREBY ORDERED** that the motion by Defendant, Novartis Pharmaceutical Corporation, to dismiss the amended complaint [DN 13] is **DENIED**.

**IT IS FURTHER ORDERED** that the alternative motion by Defendant, Novartis Pharmaceutical Corporation, for a more definite statement pursuant to Fed. R. Civ. P. 12(e) [DN 13] is **GRANTED**. The Plaintiff is granted 20 days from entry of this Memorandum Opinion and Order to file a second amended complaint to comply with the requirements of Fed. R. Civ. P. 10(b) and Fed. R. Civ. P. 8. In an effort to clarify the claims, the second amended complaint shall be a self-sufficient document and shall not incorporate by reference any portion of the original or amended complaint.

**Joseph H. McKinley, Jr., Chief Judge**
**United States District Court**

July 19, 2013

cc: counsel of record